UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-mj-00279-PAL |
| Plaintiff, | ORDER |
| v. | |
| GINO MILLER, | |
| Defendant. | |

Defendant Gino Miller is charged in a criminal complaint with Sex Trafficking of Children in violation of 18 U.S.C. § 1591(a) and Coercion and Enticement in violation of 18 U.S.C. § 2422(b). He was arrested on a warrant issued in this district in the Central District of California where he made an initial appearance. Counsel was appointed, a detention hearing was held, he was ordered detained, and remanded to this district where the charges are pending

He made an initial appearance in this district on May 8, 2017 with Assistant Federal Public Defender Daniel Coe. During the hearing Mr. Miller refused to answer multiple questions and provided non-responsive utterances when asked whether Gino Miller was his true name, whether he had received a copy of the complaint, and whether he understood the rights the court explained. Mr. Miller was hunched over, with eyes on the ground and appeared distraught. The court inquired whether Mr. Coe had been able to communicate with him before court. Mr. Coe responded "somewhat" and asked to speak privately with his client when the court inquired whether Mr. Coe had any reason to believe that Mr. Miller was not competent to stand trial or assist in his defense. While Mr. Coe and Mr. Miller conferred Mr. Miller began stating the words "lies" and "Babylon" multiple times. He was either unable or unwilling to participate in the hearing. Given his conduct and demeanor, the court indicated that it was inclined to order a mental examination to determine

competency. The court granted Mr. Coe's request to continue the hearing to the following day to allow him more time to confer with his client.

At the continued initial appearance on May 9, 2017 Mr. Coe indicated he had limited success communicating with his client. Mr. Miller again refused to answer questions, avoided eye contact with counsel and the court, and provided non-responsive answers to questions about whether he received a copy of the complaint and understood the charges, such as "you all want to put me in jail" and "what goes around comes around." The court again explained that if he was merely upset about being charged and was willing to participate in the proceedings his case could proceed; otherwise the court would order an examination to determine mental competency which would result in remanding him to the custody of the Attorney General, and transporting him for evaluation which would take time, and delay resolution of his case. His conduct and demeanor did not change. The court therefore finds that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or assist properly in his defense. The court therefore orders a psychiatric or psychological examination of the defendant pursuant to the provisions of 18 U.S.C. §§ 4241, and 4247(b) & (c).

**IT IS ORDERED:**

1. Defendant is referred for a psychiatric examination to determine present mental condition.
2. Unless impracticable, Defendant shall be forthwith transported to a suitable facility closest to the court for this examination/evaluation for a reasonable period of time not to exceed 30 days, unless extended by further order of the court, upon a showing of good cause by the Director of the facility or by an appropriate motion, for a period of up to 45 days.
3. Defendant shall be examined by a licensed or certified psychiatrist or psychologist who shall file a report with the court pursuant to the provisions of 18 U.S.C. § 4247(b)&(c).

4. The report shall be filed with the Clerk of the Court and served on counsel for the Government, Asst. U.S. Attorney Brandon Jaroch, and to counsel for defendant, Asst. Federal Public Defender Daniel Coe.

5. The psychiatric or psychological report ordered pursuant to this order shall include:

   a. The defendant's history and present symptoms;

   b. A description of the psychiatric, psychological and medical tests that were employed, and their results.

   c. The examiner's findings.

   d. The examiner's opinions as to diagnosis, prognosis, and whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense.

6. A mental competency hearing will be set once the report has been received, and Mr. Miller has been returned to this district.

DATED this 10th day of May, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE